UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO LEE WRIDEN, CDCR # F13625,<br><br>                            Plaintiff,<br><br>       vs.<br><br>R. ARIAS, S. VERNO, J. RAYES, J. VELASQUEZ, A. LARA, D. RIVERA, H. VERDUZCO, J. PRICE, C. MARCIEL, J. RAYGOZA, C. PONCE, H. RODRIGUEZ, O. VALDEZ, J. TORRES, M. RUELAS, M. MARQUEZ, J. MARTINEZ, J. FERREL, E. SALAZAR, A. GRAY, E. HERNANDEZ, C. LOPEZ, B. VILLALABOS, B. THORPE,<br><br>                           Defendants. | Case No.:  3:24-cv-1240 JLS (LR)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)**<br><br>(ECF No. 9) |

## I.    INTRODUCTION

Plaintiff Lorenzo Lee Wriden ("Plaintiff" or "Wriden"), an inmate currently incarcerated at Calipatria State Prison ("CSP"), is proceeding *pro se* with a civil action pursuant to 42 U.S.C. § 1983.  The Court previously granted Wriden's request to proceed *in forma pauperis* ("IFP") and dismissed his original complaint for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a claim.  *See* ECF No. 6.  Wriden

then filed a First Amendment Complaint ("FAC"), which this Court also dismissed for failure to state a claim.  ECF No. 8.  Wriden has now filed a filed a Second Amended Complaint ("SAC").  ECF No. 9.  For the reasons discussed below, the Court **DISMISSES** the SAC for failure to state a claim.

**II.    SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)**

**A.    Legal Standards**

As with his previous pleadings, because Plaintiff is a prisoner proceeding IFP, the Court must screen the SAC pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000).  "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  Rule 12(b)(6) requires that a complaint "contain[s] sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim.  *Id*.  The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard.  *Id.*

To state a claim under § 1983, a plaintiff must plausibly allege "both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.    Plaintiff's Allegations**

In his SAC, Plaintiff names twenty-four Defendants, all of whom appear to be on staff at CSP: R. Arias, Sam Verno, J. Rayes, J. Velasquez, A. Lara, D. Rivera, J. Price, H. Verduzco, C. Marciel, J. Raygoza, C. Ponce, H. Rodriguez, O. Valdez, J. Torres, M.

3:24-cv-1240-JLS-LR

Ruelas, M. Marquez, J. Martinez, J. Ferrel, E. Salazar, A. Gray, E. Hernandez, C. Lopez, B. Villalobos, and B. Thorpe. *See* ECF No. 9 ("SAC") at 1. Wriden lists twenty-one "Counts," many of which reference multiple defendants and allege several legal grounds for relief, including the First Amendment, Eighth Amendment, Due Process Clause, and Equal Protection Clause. *See generally id.* Plaintiff seeks an injunction prohibiting defendants from "furthering their retaliation against [him]." *Id*. at 2.

The SAC contains factual allegations concerning numerous separate events which took place at CSP between 2020 and 2024. *See id.* at 3–68. Typically, the Court would summarize the factual allegations contained in the SAC together; but here, because of the way the SAC is organized and for the purposes of clarity, the Court will summarize the relevant facts as it addresses each count separately in the discussion below.

## C. Discussion

### 1. *Count One: Arias*

In Count One, Plaintiff alleges Defendant Arias, the CSP warden during the relevant period, violated his Eighth Amendment rights. SAC at 5. Specifically, Wriden alleges that on November 20, 2021, he submitted an administrative grievance in which he alleged his Eighth Amendment rights had been violated when prison officials moved CSP inmates between quarantine locations during a COVID outbreak, causing a risk of exposure to other inmates. *Id*. Warden Arias "disapproved" Wriden's grievance and failed to adequately address the issues Wriden had raised. *Id.*

The Eighth Amendment prohibits conditions of confinement that involve the "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976). "Prison officials have a constitutional obligation to protect inmates from a "serious, communicable disease." *See Helling v. McKinney*, 509 U.S. at 25, 32–34 (1993). A prisoner claiming an Eighth Amendment violation based on conditions of confinement "must show (1) that the deprivation he suffered was 'objectively, sufficiently serious'; and (2) that prison officials were deliberately indifferent to his safety in allowing the deprivation to take place."

3:24-cv-1240-JLS-LR

*Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Here, Plaintiff fails to state an Eighth Amendment claim against Arias. First, liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77. Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, Wriden does not clearly allege Arias personally participated in, or directed the inmate transfers. Nor does Plaintiff provide any facts about how he was personally impacted by the transfers, and therefore, he has failed to plausibly allege a serious risk to his health or safety or deliberate indifference on the part of Arias. *See Farmer*, 511 U.S. at 834. In short, Plaintiff's conclusory allegations are insufficient to state an Eighth Amendment claim against Arias. Therefore, the Court dismisses Count One. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### 2. *Count Two: Marciel*

In Count 2, Wriden alleges Defendant Marciel violated his rights under the Eighth Amendment and retaliated against him in violation of the First Amendment. SAC at 6. Specifically, he alleges that sometime in December of 2021, Marciel commented that despite Plaintiff's previous complaints about COVID protection policies at the prison, Plaintiff had refused "to test" for COVID. *Id.* Marciel stated that if other inmates also refused to "test," Marciel would "send back [Plaintiff's] quarterly package." *Id.* On January 14, 2022, Marciel told Plaintiff he could stop waiting for his package because it was "already sent back." *Id.* Wriden filed a grievance on the matter on January 21, 2022. *Id.*

First, while Wriden references the Eighth Amendment, he alleges no facts suggesting he Marciel was deliberately indifferent to a serious risk to his health or safety. Thus, Plaintiff's Eighth Amendment claim is therefore dismissed as conclusory. *See Farmer*, 511 U.S. at 841 (stating a plaintiff must establish prison officials demonstrated

3:24-cv-1240-JLS-LR

deliberate indifference to conditions posing a substantial risk of serious harm).

Wriden also fails to state a First Amendment retaliation claim. To state such a claim, a prisoner must plausibly allege the defendant retaliated against him for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose. *See Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir. 1994) (per curiam). In meeting this standard, a prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. *See Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000), *see also Rhodes v. Robinson*, 408 F.3d 559, 569 (9th Cir. 2005). In sum, an inmate must show: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. *See Rhodes*, 408 F.3d at 568.

Here, Wriden fails to state a claim because he has not plausibly alleged that his refusal to take a COVID test is protected conduct. *See Blalock v. Covello*, No. 21-CV-962-DMC-P, 2024 WL 2187829, at *2 (E.D. Cal. May 15, 2024) (finding prisoner's refusal to be tested for the Covid-19 virus while in prison was not protected conduct under the Constitution and recommending dismissal of retaliation claim), 2024 WL 3204885, at *1 (E.D. Cal. June 27, 2024) (adopting Findings and Recommendation); *see also Oberst v. Cnty. of Lane*, No. 23-CV-1556-MC, 2025 WL 318712, at *8 (D. Or. Jan. 28, 2025) (finding no legal basis to support Plaintiff's claim that secular refusal to take COVID test was a constitutionally protected activity for purposes of retaliation claim). In addition, Wriden has not pleaded the absence of "legitimate correctional goals." *See Pratt*, 65 F.3d at 806 ("The plaintiff bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains."). Nor has he alleged the "chilling effect" required to state a plausible retaliation claim. *Rizzo v. Dawson*, 778 F.2d

5

3:24-cv-1240-JLS-LR

527, 532 (9th Cir. 1985); *see also Jenkins v. Drake*, No. CV 19-5656 ODW (PVC), 2020 WL 2771999, at *9 (C.D. Cal. May 5, 2020) (dismissing retaliation claim and noting that the plaintiff continued to file grievances and threatened court action to protect his rights, and the FAC failed to make even conclusory allegations about the chilling effect of defendants' actions). Therefore, Wriden has failed to state a First Amendment retaliation claim against Marciel.

Accordingly, the Court dismisses Count Two for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### 3.   *Count Three: Raygoza and Rayes*

Next, Wriden alleges Defendants Raygoza and Rayes violated his First Amendment right to be free from retaliation and his Fourteenth Amendment rights to due process and equal protection. SAC at 7. Specifically, Wriden states that "shortly after [he] filed a staff misconduct complaint,"[1] Raygoza filed a Rule Violation Report ("RVR") against him based on "false charges" on April 23, 2022. *Id*. A hearing on the RVR was held on May 9, 2022, and Rayes, the hearing officer, found Wriden guilty of the RVR, despite a lack of evidence. *Id*. Wriden then filed an administrative grievance about the failure to permit him to call witnesses at his hearing. *Id*. On August 8, 2022, Wriden's grievance was granted, and a new RVR hearing was ordered. *Id*. A second hearing, however, was never conducted, and the RVR was ultimately dismissed because officials failed to meet the timing requirements for such hearings. *Id*. at 7–8.

#### a.   Retaliation

First, as to his retaliation claim, Wriden's submission of a grievance regarding staff misconduct constitutes protected conduct under the First Amendment. *See Watison*, 668 F.3d at 1114 ("Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so."); *see also Rhodes*, 408 F.3d at 568

---

[1] Plaintiff does not specify the date this grievance was submitted or the allegations contained therein. *See* SAC at 7.

3:24-cv-1240-JLS-LR

(finding submission of an administrative grievance protected conduct).  Wriden has also sufficiently alleged adverse action against him, in the form of Defendants purportedly issuing a "false" RVRs.  *See Hines v. Gomez*, 108 F.3d 265, 268–69 (9th Cir. 1997) (explaining that a false disciplinary charge may constitute adverse action).

Wriden, however, has failed to plausibly allege that Raygoza issued the RVR and/or Rayes found him guilty of it *because of* Wriden's protected conduct.  *See Rhodes*, 408 F.3d at 567 (stating a plaintiff must allege adverse action was "*because of* . . . that prisoner's protected conduct") (emphasis added).  Indeed, Plaintiff alleges no facts suggesting that Raygoza or Rayes were even aware of the staff misconduct grievance.  If a defendant does not know of a plaintiff's protected conduct, it cannot substantially motivate a defendant's subsequent conduct.  *See Pratt*, 65 F.3d at 808 (noting that plaintiff's "sheer speculation" that defendants had knowledge of his protected conduct insufficient to show retaliatory intent); *Flynn v. City of Santa Clara*, 388 F. Supp. 3d 1158, 1164 (N.D. Cal. 2019) ("[I]f [plaintiffs] are claiming they were mistreated because of their speech, then they must show that each officer knew about their speech in the first place."); *Hammler v. Alvarez*, No. 18-CV-326-AJB(WVG), 2019 WL 422575, at *9 (S.D. Cal. Feb. 4, 2019) ("Because Plaintiff alleges no facts to show that [defendant] had any prior knowledge of this grievance, there are no facts to suggest that [defendant] issued the [rules violation report] in retaliation for the filing of a grievance.").

Moreover, retaliation is not established simply by showing adverse activity by a defendant took place after protected speech; rather, Plaintiff must show a nexus between the two.  *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000) (stating retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this").  Timing may be considered circumstantial evidence of retaliatory intent, but "timing alone is insufficient" to support an inference that prison officials took an adverse action against a prisoner in retaliation *because of* a prisoner's participation in protected conduct.  *Pratt*, 65 F.3d at 808.  And here, Wriden merely states Raygoza issued the "false" RVR "shortly after" he filed an unspecified "staff misconduct"

3:24-cv-1240-JLS-LR

grievance, and Rayes subsequently found him "guilty" of the RVR.  SAC at 7.  But he provides no facts showing any other nexus between any of these events.  Such speculation of retaliatory motive is insufficient to give rise to a claim for relief.  *Wood v. Yordy*, 753 F.3d 899, 904 (9th Cir. 2014) (noting there was no evidence the defendant knew of the plaintiff's protected conduct and holding "mere speculation that defendants acted out of retaliation not sufficient").  Lastly, the Court notes Wriden has also failed to allege Defendants' actions did not serve any legitimate penological goal, such as preserving institutional order and discipline, *see Barnett*, 31 F.3d at 816, and failed to allege the "chilling effect" required to state a plausible retaliation claim, *see Rizzo*, 778 F.2d at 532.  Thus, Plaintiff has not stated a retaliation claim against Raygoza or Rayes.

> b.   Due Process

To the extent Wriden also alleges Rayes violated his right to due process with regard to the RVR hearing proceedings, he also fails to state a claim.  The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  As discussed in this Court's previous two screening orders, Plaintiff's due process claims require a two-step analysis: "First, [the Court must] determine whether the inmate was deprived of a constitutionally protected liberty or property interest.  Second, [the Court] examine[s] whether that deprivation was accompanied by sufficient procedural protections."  *Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022).  Only if the prisoner alleges facts sufficient to show a protected liberty interest must courts next consider "whether the procedures used to deprive that liberty satisfied Due Process."  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

As with his previous pleadings, Wriden again fails to allege he was deprived of a protected liberty or property interest.  To allege a protected liberty interest was at stake, a plaintiff must present facts showing he suffered an "atypical, significant deprivation" as a result of the purported due process violation.  *Mujahid v. Meyer*, 59 F.3d 931, 932 (9th Cir. 1995) (quoting *Sandin v. Connor*, 515 U.S. 472, 486 (1995)).  In determining whether

8

sanctions posed an atypical and a significant hardship, courts look to the prisoner's conditions of confinement, the duration of the sanction, and whether the sanction will affect the duration of the prisoner's sentence. *See Keenan v. Hall*, 83 F.3d 1083, 1088–89 (9th Cir. 1996). But here, Wriden states the original RVR guilty finding was set aside, a new hearing ordered but never conducted, and the RVR was ultimately dismissed. As such, Wriden has not alleged he suffered any sanctions, much less those constituting an "atypical, significant deprivation." *See Sandin*, 515 U.S. at 486. Therefore, he has failed to state a due process claim based on the RVR proceedings.

In addition, as discussed in this Court's two previous screening orders, to the extent Wriden argues his due process rights were violated simply by the issuance of a "false" RVR, he cannot state a claim. The mere allegation of "false" disciplinary charges is generally insufficient to state a due process claim. *See, e.g.*, *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (explaining that claims based on the falsity of charges and impropriety of the defendant's involvement in the grievance procedure, "standing alone, do not state constitutional claims"); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) (although a prisoner has the right not to be deprived of a protected liberty interest without procedural due process, a "prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest"); *Garrott v. Glebe*, 600 Fed. App'x 540, 545 (9th Cir. April 22, 2015) (there is no clearly established federal law that "a prisoner has a right to be free from false accusations"); *Smith v. Albee*, No. 15-CV-1598 KJN P, 2016 WL 6094471, at *4 (E.D. Cal. Oct. 18, 2016) (stating the "falsification of disciplinary reports does not state a stand-alone constitutional claim," because "[t]here is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest").

Finally, as also discussed in this Court's previous screening orders, there no due process right to a specific prison grievance procedure. *See Ramirez*, 334 F.3d at 860 (stating "inmates lack a separate constitutional entitlement to a specific prison grievance

procedure"); *Smith v. Swaney*, 399 F. App'x 234, 234 (9th Cir. 2010) (affirming dismissal of plaintiff's due process claim because "a prisoner enjoys no constitutional right to a prison grievance procedure").  As such, he cannot state a claim based on his dissatisfaction with how his administrative grievances were processed.  In sum, Wriden has failed to state a due process claim.

c.     Equal Protection

Wriden also fails to state an equal protection claim as to Rayes and Raygoza.  To state such a claim, a prisoner must allege he was intentionally discriminated against based on his membership in a protected class.  *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).  Alternatively, a plaintiff can show he was intentionally treated differently from other similarly situated inmates without a rational basis for such disparate treatment.  *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (involving a plaintiff whose equal protection claim "did not allege membership in a class or group").

Here, Wriden fails to allege he is a member of a protected class.  *See United States v. Whitlock*, 639 F.3d 935, 941 (9th Cir. 2011) ("[N]either prisoners nor 'persons convicted of crimes' constitute a suspect class for equal protection purposes.").  Nor has Wriden alleged Raygoza or Rayes intentionally treated him differently from other similarly situated prisoners.  In short, Wriden's equal protection claim is wholly conclusory.  *See Hartmann v. Cal. Dep't of Corrs. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) (explaining that the Equal Protection Clause does not require that "all prisoners must receive identical treatment and resources").  As such, Plaintiff has failed to state an equal protection claim against Raygoza or Rayes.  *See Iqbal*, 556 U.S. at 686–87 (rejecting the argument that a general allegation of discriminatory intent – along the lines of "Defendants discriminated against me because of my race and with no legitimate reason" – suffices to state a viable equal protection claim, because a plaintiff must plead sufficient facts to support an allegation that a defendant acted with discriminatory intent); *Reeb v. Thomas*, 636 F.3d 1224, 1229, n.4 (9th Cir. 2011) (affirming dismissal of equal protection claim where the plaintiff did not present any facts demonstrating that he was treated differently from others

who were similarly situated to him).

For the above reasons, the Court dismisses Count Three in its entirety for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### 4.  *Count Four: Raygoza and Rodriguez*

In Count Four, Wriden alleges Defendants Raygoza and Rodriguez retaliated and "conspired to retaliate" against him when, "[s]hortly after the Plaintiff filed a staff misconduct complaint against Facility A," Raygoza and Rodriguez filed "false charges" against him. SAC at 9. Wriden thereafter filed administrative grievances about the matter, but they were denied. *Id.* at 9–10. Plaintiff also appears to allege violations of due process and equal protection. *Id.* at 9.

#### a.   Retaliation

Wriden fails to state a retaliation claim because he has again failed to allege any facts suggesting a nexus between the purported protected conduct and adverse action. Plaintiff provides no facts indicating Raygoza and/or Rodriguez were aware of his prior staff misconduct complaint(s). As explained above and in the Court's previous screening orders, merely alleging something bad happened after filing an administrative grievance is insufficient to state a First Amendment retaliation claim. *See Huskey*, 204 F.3d at 899 (stating retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this"). Such speculation of retaliatory motive insufficient to give rise to a claim for relief. *Wood*, 753 F.3d at 904. In addition, Wriden fails to allege Defendants lacked a legitimate penological goal, such as preserving institutional order and discipline. *See Barnett*, 31 F.3d 816. And he also fails to allege any "chilling effect." *See Rizzo*, 778 F.2d at 532. Therefore, Plaintiff has failed to state a First Amendment retaliation claim against Raygoza and Rodriguez.

#### b.   Conspiracy

Wriden also fails to plausibly allege Raygoza and Rodriguez "conspired" to retaliate again him. As noted in this Court's previous screening orders, to state a conspiracy claim under § 1983, a plaintiff "must state specific facts to support the existence of the claimed

3:24-cv-1240-JLS-LR

conspiracy." *Burns v. Cnty. of King*, 883 F.2d 819, 821 (9th Cir. 1989). Specifically, a plaintiff must show "an agreement or meeting of the minds to violate constitutional rights," and "[t]o be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Crowe v. Cnty. of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010). "Conspiracy is not itself a constitutional tort under § 1983," and it "does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 935 (9th Cir. 2012); *Quiroz v. Horel*, 85 F. Supp. 3d 1115, 1147 (N.D. Cal. 2015). In short, a conspiracy claim under § 1983 requires: "(1) the existence of an express or implied agreement among the defendant officers to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement." *See Avalos v. Bacca*, 596 F.3d 583, 592 (9th Cir. 2010). And failure to state a colorable underlying constitutional violation is fatal to a conspiracy claim based on the same allegations. *Id.*

As with his previous pleadings, the allegations in the SAC lack the specificity required to state a conspiracy claim against Raygoza and Rodriguez. *See Burns*, 883 F.2d at 821. Wriden fails to allege facts showing the existence of any agreement, express or implied, between them. *See Crowe*, 608 F.3d at 440. In addition, as discussed above, Wriden has failed to allege a colorable retaliation claim against Raygoza or Rodriguez and therefore cannot show an "actual" constitutional deprivation resulted from any purported conspiracy. *See Avalos*, 596 F.3d at 592. Thus, Wriden has not stated a conspiracy claim.

c.   Due Process and Equal Protection

To the extent Wriden references due process and equal protection as to Count Four, he fails to allege any facts whatsoever to support such claims. As noted above, Plaintiff cannot state a due process claim based merely on the issuance of a purportedly "false" RVRs, *see Garrott*, 600 Fed. App'x at 545, or his dissatisfaction with the administrative grievance procedures, *see Ramirez*, 334 F.3d at 860. And he alleges no facts suggesting he suffered an "atypical, significant deprivation" because of any alleged due process

3:24-cv-1240-JLS-LR

violation.  *See Mujahid*, 59 F.3d at 932.  Nor does Wriden allege any facts to show Raygoza or Rodriguez intentionally discriminated against him based on his membership in a protected class or treated him differently from similarly situated prisoners.  *See Iqbal*, 556 U.S. at 686–87; *Reeb*, 636 F.3d at 1229 n.4.  Therefore, both Plaintiff's due process and equal protection claims are dismissed as conclusory.

Based on the above, the Court dismisses Count Four in its entirety for failure to state a claim.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### 5.    *Count Five: Gray*

In Count Five, Plaintiff claims Defendant Gray violated his rights under the First Amendment, Eighth Amendment, Due Process Clause, and Equal Protection Clause.  SAC at 11.  Specifically, Wriden alleges that on May 5, 2022, he filed a grievance regarding "usurpation of funds and fraud within the food department," after he did not receive his inmate pay for working in the prison dining room for three months.  *Id.* at 12.  On May 24, 2022, Defendant Gray filed a "false" RVR against Wriden.  The same day, Gray also submitted a "general chrono" requesting Wriden be taken before the classification committee and "removed from his culinary job assignments."  *Id.* at 14.  Wriden was ultimately found guilty of the RVR.  *Id.* at 13.  He filed another grievance regarding Gray's "abuse of authority" on June 7, 2022, but it was dismissed, as were subsequent appeals.  *See id.* at 13–15.

#### a.    Retaliation

Wriden's retaliation claim suffers from the same deficiencies discussed above as to Count Four.  He alleges Gray issued the RVR in retaliation for his submitting a grievance on May 5, 2022, but provides no facts suggesting Gray was aware of the grievance.  *Pratt*, 65 F.3d at 808 (noting that plaintiff's "sheer speculation" that defendants had knowledge of his protected conduct insufficient to show retaliatory intent).  Wriden has failed to plausibly allege a nexus between his protected conduct and issuance of the RVR.  *See Huskey*, 204 F.3d at 899; *see also Wood*, 753 F.3d at 904 (stating speculation of retaliatory motive insufficient to give rise to a claim for relief).  Likewise, even assuming a referral to

3:24-cv-1240-JLS-LR

the classification committee could constitute "adverse action," Plaintiff also fails to show a nexus between the grievance and Gray's referral to the committee. *See id.* Wriden also fails to plead Gray lacked a legitimate penological goal, *see Barnett*, 31 F.3d 816, or to allege any "chilling effect," *see Rizzo*, 778 F.2d at 532. As such, Plaintiff has failed to state a retaliation claim against Gray.

### b. Due Process

Plaintiff also fails to state a due process claim based on Gray issuing a "false" RVR against him because, as previously discussed, the mere allegation of "false" disciplinary charges is insufficient to such a claim. *See Sprouse*, 870 F.2d at 452; *Garrott*, 600 Fed. App'x at 545 (stating there is no clearly established federal law that "a prisoner has a right to be free from false accusations").

And to the extent Wriden argues Gray improperly removed him from his job in violation of due process, he also fails to state a claim. "[T]he Due Process Clause of the Fourteenth Amendment 'does not create a property or liberty interest in prison employment. . . .'" *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (first quoting *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986) (per curiam), and then citing *Baumann v. Ariz. Dep't of Corr.*, 754 F.2d 841, 846 (9th Cir. 1985)). Prisoners have no constitutional right to hold a paid position in prison. *Harris v. Sivley*, 951 F.2d 360 (9th Cir. 1991) ("Prisoners have no constitutional right to a prison job."); *see also Rainer v. Chapman*, 513 Fed. App'x 674, 675 (9th Cir. 2013) (holding that the district court properly dismissed the California prisoner-plaintiff's "due process claims based on his removal from his work assignment and transfer from the facility where his job was located because these allegations did not give rise to a constitutionally protected liberty or property interest"); *Bravot v. Cal. Dep't of Corr.*, CIVS050113FCDGGHP, 2006 WL 47398, at *4 (E.D. Cal. Jan. 9, 2006) (stating prisoner was not "entitled to due process procedural protections prior to being deprived of his work, nor is he constitutionally entitled to any back wages for the loss of that job nor to reinstatement in his old position"). Therefore, Wriden has failed to state a due process claim.

c.      Equal Protection

Next, while Wriden also references equal protection, he again alleges no facts to support such a claim, and therefore, it is dismissed as conclusory and speculative. *See Hartmann*, 707 F.3d at 1123; *Iqbal*, 556 U.S. at 686–87; *Reeb*, 636 F.3d at 1229, n.4 (affirming dismissal of equal protection claim where the plaintiff did not present any facts demonstrating that he was treated differently from others who were similarly situated to him).

d.      Eighth Amendment

Likewise, Plaintiff fails to state an Eighth Amendment as to Count Five because he states no facts suggesting Gray subjected him to cruel and unusual punishment. While "[p]rison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety," *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000), a prison job is not a basic human need, and the loss thereof does not give rise to an Eighth Amendment violation. *See Barno v. Ryan*, 399 F. App'x 272, 273 (9th Cir. 2010) (stating the potential loss of prison job caused by erroneous classification does not give rise to Eighth Amendment claim); *Cox v. Pacholke*, No. C12-5421 BHS/KLS, 2012 WL 5877513, at *4 (W.D. Wash. Oct. 9, 2012) (finding that "[t]here is no constitutional right to receive and retain a particular prison job assignment" so termination from employment does not violate the Eighth Amendment); *Pack v. Lizarraga*, No. 19-CV-300-TLN-EFB P, 2020 WL 1304478, at *2 (E.D. Cal. Mar. 19, 2020) (concluding the loss of plaintiff's prison job does not violate any federal constitutional right).

In sum, the Court dismisses Count Five in its entirety for failure to state a claim against Gray. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

**6.      Count Six:  Verduzco and Lara**

In Count Six, Wriden alleges Defendants Verduzco and Lara violated his rights under the Eighth Amendment, Due Process Clause, Equal Protection Clause, and the First

3:24-cv-1240-JLS-LR

Amendment.  SAC at 16.  Wriden alleges that "shortly after"[2] he filed "several complaints for staff misconduct," Verduzco and Lara filed "false charges against him" on July 2, 2022. *Id*.  On August 3, 2022, an RVR hearing was held and Wriden was found guilty.  *Id.* at 16–17.  Wriden subsequently filed a series of administrative grievances about the matter, but they were improperly denied.  *Id.* at 17–19.

### a.    Eighth Amendment and Equal Protection

First, while Wriden lists the Eighth Amendment and Equal Protection Clause as legal bases for Count Six, he provides no facts relevant to either claim.  He fails to allege any facts indicating Verduzco and/or Lara were deliberately indifferent to a serious threat to Plaintiff's health or safety.  *See Farmer*, 511 U.S. at 834.  And he provides no facts alleging membership in protected class or that he was treated differently than similarly situated prisoners.  *See Hartmann*, 707 F.3d at 1123.  Both claims are therefore dismissed as conclusory.  *See Iqbal*, 556 U.S. at 678.

### b.    Retaliation

Wriden also fails to state a retaliation claim against Vercuzco and Lara because, as discussed above and in this Court's previous screening orders, it is not enough to simply allege protected conduct was followed by some adverse action.  There must be some facts suggesting a nexus between the two.  *See Huskey*, 204 F.3d at 899.  And here, that Wriden was charged with a RVR based on alleged "false" charges "shortly after" he filed staff misconduct grievances, is insufficient.  Plaintiff fails to allege that Vercuco or Lara were aware of the prior grievances when the RVR was issued.  *See Pratt*, 65 F.3d at 808 (stating that if a defendant does not know of a plaintiff's protected conduct, it cannot substantially motivate a defendant's subsequent conduct).  Therefore, Plaintiff has failed to state a retaliation claim.

/ / /

---

[2] Wriden does not specify the date(s) he filed these grievances.  *See* SAC at 16.

3:24-cv-1240-JLS-LR

c.      Due Process

Wriden has also failed to state a due process claim because, as discussed above, the mere allegation of "false" disciplinary charges is insufficient to state a due process claim. *See Sprouse*, 870 F.2d at 452; *Garrott*, 600 Fed. App'x at 545.  And to the extent Wriden is attempting to allege he was denied due process at his RVR hearing, he does not provide facts regarding what, if any, punishment he received as a result, and as such, has not alleged he suffered an atypical and significant hardship.  *See Sandin*, 515 U.S. at 486.  Moreover, he has no due process right to a specific prison grievance procedure.  *See Ramirez*, 334 F.3d at 860 (stating "inmates lack a separate constitutional entitlement to a specific prison grievance procedure").

Accordingly, based on the above, the Court dismisses Count Six in its entirety for failure to state a claim.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### 7.      *Count Seven: Arias*

In Count Seven, Wriden alleges that after filing a staff complaint, he was denied future enrollment classes offered through Imperial Valley College.  SAC at 21.  Plaintiff states he was removed from the program because of disciplinary violations, but other inmates who also had disciplinary violations were permitted to remain enrolled.  *Id.* at 22.  He alleges his enrollment was suspended in violation of the Eighth Amendment, due process and equal protection.  *Id.*

First, while Wriden identifies Arias as the Defendant as to this Count, he does not allege any facts regarding specific conduct by Arias.  And to the extent he seeks to hold Arias liable based on his status as Warden, he fails to state a claim because, as discussed above, there is no respondeat superior under § 1983.  *See Iqbal*, 556 U.S. at 676–77.

In addition, the Court notes that prisoners do not have an Eighth Amendment or due process right to an education.  *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (stating the deprivation of rehabilitation and educational programs in prison does not violate the Eighth Amendment); *Toussaint v. McCarthy*, 801 F.2d 1080, 1092 (9th Cir. 1986) (stating

that a Fourteenth Amendment "liberty interest does not arise even when administrative segregation imposes 'severe hardships,' such as 'denial of access to vocational, educational, recreational, and rehabilitative programs'"); *Baumann v. Arizona Dep't of Corr.*, 754 F.2d 841, 846 (9th Cir. 1985) ("General limitation of jobs and educational opportunities [in prison] is not considered punishment."); *see also Smith v. Lambert*, 12 F. App'x 570, 571 (9th Cir. 2001) (stating a prisoner has "no constitutionally protected right to vocational training"); *Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1992) ("Prisoners have no constitutional right to educational or vocational opportunities during incarceration. . . ."). Thus, Plaintiff has failed to state an Eighth Amendment claim.

Moreover, Wriden has not stated an equal protection claim. He alleges he was removed from the classes because of disciplinary write-ups while other inmates who also had disciplinary histories were not. But he has not alleged he was discriminated on based on his membership in a protected class. And as discussed in this Court's previous screening order, the mere allegation that he was treated differently than other inmates is insufficient to support an equal protection claim. *See Hartman*, 707 F.3d at 1123 (explaining that the Equal Protection Clause does not require that all prisoners must receive identical treatment and resource). Simply having a disciplinary history does not make Wriden "similarly situated" as other inmates with disciplinary histories because the extent and seriousness of the disciplinary matters may vary widely between individual prisoners. *See Solis v. City of Fresno*, No. 11-CV-53 AWI GSA, 2011 WL 5825661, at *7 (E.D. Cal. Nov. 17, 2011) (dismissing plaintiff's class of one equal protection claim when the complaint was "devoid of facts indicating whether these unnamed individuals were prima facie identical to Plaintiff in all relevant aspects" and did "not allege a single instance in which a similarly situated person was treated differently by" the defendants). Therefore, Plaintiff has failed to state an equal protection claim.

Based on the above, the Court dismisses Count Seven in its entirety for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Iqbal*, 556 U.S. at 678. / / /

18

3:24-cv-1240-JLS-LR

**8.     *Count Eight: Ponce***

As to Count Eight, Wriden alleges Defendant Ponce violated his First Amendment, Eighth Amendment, due process, and equal protection rights.  SAC at 23.  He alleges he submitted an administrative grievance against Ponce on November 7, 2022, because Ponce had denied him the opportunity to work at his job in the prison kitchen.  *Id.*  Plaintiff states that on November 15, 2022, Ponce issued a "false" RVR against him.  *Id.*  After a hearing, Plaintiff was found not guilty of the RVR.  *Id.* at 24.

To the extent Plaintiff alleges a retaliation claim, it suffers from the same deficiencies discussed above.  Wriden fails to allege Ponce knew of his previous staff complaint and has not alleged a nexus between his grievance and the subsequent RVR.  *See Pratt*, 65 F.3d at 808.  Again, simply stating that something bad happened after submitting a grievance is insufficient to state a retaliation claim.  *See Huskey*, 204 F.3d at 899.  Moreover, Plaintiff fails to plausibly allege Ponce's actions chilled his constitutional rights or that they did not further a legitimate penological interest.  *See Watison*, 668 F.3d at 1114.

Wriden also fails to state a due process claim.  He was found not guilty of the RVR, and thus no liberty interest was at stake.  *See Sandin*, 515 U.S. at 486.  And he cannot state a due process claim based merely on the issuance of a purportedly false RVR, *see Sprouse*, 870 F.2d at 452; *Garrott*, 600 Fed. App'x at 545, or the denial of administrative grievances, *see Ramirez*, 334 F.3d at 860.

Wriden also fails to state a claim based on alleged violations of the Eighth Amendment and Equal Protection Clause.  He again provides no facts relevant to these claims and as such they are dismissed as speculative and conclusory.  *See Iqbal*, 556 U.S. at 678; *Farmer*, 511 U.S. at 834; *Hartmann*, 707 F.3d at 1123.

Therefore, the Court dismisses Count Eight in its entirety for failure to state a claim.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

/ / /

/ / /

/ / /

3:24-cv-1240-JLS-LR

### 9.   Count Nine: Torres

In Count Nine, Plaintiff again raises claims under the First Amendment, Eighth Amendment, Due Process Clause, and Equal Protection Clause.  He states that on June 7, 2022, he filed a grievance concerning Defendant Torres and his failure to "intervene and/or stop misconduct by another employee."  SAC at 25.  The grievance and subsequent appeals were denied.  *Id.* at 25–26.

While Wriden references retaliation, he again fails to allege facts showing a nexus between the protected conduct and adverse effect.  *See Rhodes*, 408 F.3d at 567 (stating a plaintiff must allege adverse action was "because of . . . that prisoner's protected conduct"); *Huskey*, 204 F.3d at 899.  He also fails to allege Torres' actions chilled his constitutional rights or that he lacked a legitimate penological purpose.  *See Watison*, 668 F.3d at 1114.

Plaintiff fails to articulate how his due process rights were violated.  Wriden references an RVR hearing that took place on May 21, 2022, SAC at 26, but does not explain how it is relevant to his claim against Torres.  Nor does he allege he was deprived of a protected liberty interest.  *See Sandin*, 515 U.S. at 486.  Moreover, he has no due process right to a specific prison grievance procedure.  *See Ramirez*, 334 F.3d at 860 (stating "inmates lack a separate constitutional entitlement to a specific prison grievance procedure").

Finally, Wriden alleges no facts suggesting Torres acted with deliberate indifference to his health or safety or that he was treated differently the similarly situated inmates.  Thus, his Eighth Amendment and equal protection claims are dismissed as speculative and conclusory.  *See Iqbal*, 556 U.S. at 678; *Farmer*, 511 U.S. at 834; *Hartmann*, 707 F.3d at 1123.

The Court therefore dismisses Count Nine failure to state a claim.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

/ / /

/ / /

/ / /

3:24-cv-1240-JLS-LR

**10.     Count 10: Ruelas, Raygoza and Velasquez**

In Count Ten, Plaintiff alleges Defendants Ruelas, Raygoza, and Velasquez violated his right to due process and equal protection.  SAC at 27.  He states that Ruelas and Raygoza issued a "false" RVR against him.  But after he was initially found guilty of the RVR, the finding was set aside.  *Id.* at 27–28.  A second RVR hearing was then held, after which Velasquez found him guilty.  *Id.*  Wriden filed several administrative grievances about the issue, but they were all denied.  *Id.* at 27–29.

As with his other due process claims regarding RVR findings, Wriden fails to state what punishment, if any, he received and therefore he has failed to allege he suffered an "atypical and significant hardship."  *See Sandin*, 515 U.S. at 486.  Moreover, he has no due process right to a specific prison grievance procedure or outcome.  *See Ramirez*, 334 F.3d at 860 (stating "inmates lack a separate constitutional entitlement to a specific prison grievance procedure").  And the mere allegation that officials made false claims in the RVR are insufficient to state a due process claim against Ruelas, Raygoza, and Velasquez.  *See see Sprouse*, 870 F.2d at 452; *Garrott*, 600 Fed. App'x at 545.

Wriden has also failed to state any facts to support an equal protection claim against Ruelas, Raygoza, and Velasquez, and as such, it is dismissed as conclusory.  *See Walters v. Maass*, 45 F.3d 1355, 1360 (9th Cir. 1995); *Iqbal*, 556 U.S. at 678.

Therefore, the Court dismisses Count Ten in its entirety for failure to state a claim.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

**11.     Count 11: Marquez**

In Count 11, Plaintiff argues Defendant Marquez violated his First Amendment right to be free from retaliation and Fourteenth Amendment rights to due process and equal protection.  SAC at 31.  Wriden alleges that on January 27, 2023, he met with "internal affairs" and discussed, among other things, a matter related to a grievance against he had filed against another correctional officer on May 5, 2022.  *Id.*  On February 14, 2023, Marquez "falsely" charged Wriden with "disobeying a direct order."  *Id.* at 31–32.  Wriden subsequently filed grievances and appeals about the matter, but they were all denied.  *Id.*

21

3:24-cv-1240-JLS-LR

Plaintiff's retaliation claim fails because he has not alleged facts showing Marquez had knowledge of the prior grievance or Wriden's meeting with internal affairs. *See Pratt*, 65 F.3d at 808. Nor does Plaintiff allege any facts showing a nexus between the protected conduct and adverse consequence. *See Rhodes*, 408 F.3d at 567. He has also failed to allege Marquez's actions chilled his constitutional rights. *See Watison*, 668 F.3d at 1114

Likewise, Wriden's due process claims fail because he has not alleged deprivation of a protected liberty interest, and he has no standalone right to be free from false charges, *see Sprouse*, 870 F.2d at 452, and no right to a particular grievance procedure, *see Ramirez*, 334 F.3d at 860. Plaintiff again fails to state an equal protection claim because he makes no allegation that similarly situated prisoners received preferential treatment. *See Walters*, 45 F.3d at 1360 ("[C]onclusory allegations do not establish an equal protection violation.").

Accordingly, the Court dismisses Count 11 for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### 12.    Count 12: Ferrel, Salazar, Price, Velasquez, Ruelas and Villalobos

In Count 12, Plaintiff raises claims against Defendants Ferrel, Salazar, Price, Velasquez, Ruelas, and Villalobos under the First, Eighth, and Fourteenth Amendments. SAC at 33. Wriden alleges he had a series of interviews with "internal affairs," on February 24, 2023, March 7, 2023, March 15, 2023, and March 17, 2023. *Id.* He alleges that on March 12, 2023, Ferrel conspired with Salazar, Price, and Velasquez to "falsely charge him with a rule violation." *Id.* Wriden was subsequently placed in administrative segregation on a "30-day hold" pending a threat assessment. *Id.* at 34. On March 29, 2023, Ruelas "hindered" Wriden's ability to gather facts in preparation for his RVR hearing. *Id.* at 34. The hearing was held on April 17, 2023, and Villalobos, the hearing officer, found Wriden guilty of the "false charges" based on "no evidence." *Id.* Wriden was released from administrative segregation on April 20, 2023. *Id.* at 35. Wriden filed several grievances related to the matter that were denied. *Id.* at 35–36.

/ / /

/ / /

a.      Due Process

While Wriden has alleged he was placed in administrative segregation for 30 days as a result of the RVR, this is insufficient to state a due process claim. The Supreme Court has held that an inmate who was placed in disciplinary segregation in a secured housing unit for 30 days had no cognizable due process claim because he had no liberty interest in being free from such confinement. *Sandin*, 515 U.S. at 487; *see also May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (holding that convicted inmate was not denied due process when he was placed in a Disciplinary Housing Unit pending a disciplinary hearing) ("[The inmate's] due process claim fails because he has no liberty interest in freedom from state action taken within the sentence imposed . . . and the Ninth Circuit explicitly has found that administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence.") (citation and internal quotation marks omitted). Therefore, Wriden has not alleged he was deprived of a protected liberty interest. In addition, he cannot state a due process claim based on dissatisfaction with grievance procedure, *see Ramirez*, 334 F.3d at 860, or issuance of a false RVR, *see Sprouse*, 870 F.2d at 452.

b.      Retaliation

Wriden's retaliation claim suffers from the same pleading deficiencies as his other retaliation claims discussed above because he again alleges no facts indicating Ferrel, Salazar, Price, and Velasquez knew of his interviews with internal affairs and pleads no facts to show the RVR was issued because he spoke to internal affairs. *See Rhodes*, 408 F.3d at 567 (stating a plaintiff must allege adverse action was "because of . . . that prisoner's protected conduct"); *Huskey*, 204 F.3d at 899. Simply alleging that adverse action was taken after engaging in protected conduct is insufficient to state a claim against Ferrel, Salazar, Price, Velasquez, and Ruelas. Plaintiff also fails to plausibly allege that the Defendants' actions chilled Plaintiff's constitutional rights or that they did not further a legitimate penological interest. *See Watison*, 668 F.3d at 1114. Therefore, Wriden has failed to state a retaliation claim.

/ / /

23

3:24-cv-1240-JLS-LR

c.      Equal Protection and Eighth Amendment

Wriden claims his rights under the Equal Protection Clause and the Eighth Amendment as to Claim 12 but alleges no facts whatsoever to support either claim. Thus, both claims are dismissed as conclusory. *See Iqbal*, 556 U.S. at 678; *Farmer*, 511 U.S. at 834; *Hartmann*, 707 F.3d at 1123.

The Court dismisses Count 12 for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### 13.      Count 13: Pinela

Plaintiff alleges his Defendant Pinela retaliated against him and violated his due process rights by filing a false RVR against him on May 17, 2023. SAC at 37–38. He states that Pinela had prior knowledge of a grievance Wriden had filed against Torres on June 7, 2022. *Id.* at 38. Although here, Wriden includes allegation that Pinela knew Wriden had previously filed a grievance against another correctional officer, he provides no facts suggesting the RVR Pinela issued against Wriden nearly a year later, on May 17, 2023, was because of the June 7, 2022, grievance. *See Rhodes*, 408 F.3d at 567 (stating a plaintiff must allege adverse action was "because of . . . that prisoner's protected conduct"); *Huskey*, 204 F.3d at 899. Plaintiff also fails to plausibly allege that Pinela's actions chilled Plaintiff's constitutional rights or that they did not further a legitimate penological interest. *See Watison*, 668 F.3d at 1114. Therefore, Wriden has failed to state a retaliation claim.

Wriden also fails to state a due process claim because there is no right to be free false RVRs, *see Sprouse*, 870 F.2d at 452, and he has failed to allege facts showing he was deprived of a protected liberty interest, *see Sandin*, 515 U.S. at 486.

The Court dismisses Count 13 for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### 14.      Count 14: Ruelas

In Count 14, Wriden alleges retaliation, due process and equal protection claims against Defendant Ruelas. SAC at 40. He states that on March 29, 2023, Ruelas retaliated against him for filing a grievance on November 20, 2020, by preventing him from gathering

24

facts to defend himself against an unrelated "false" RVR issued on March 12, 2023. *Id.* at 40–41. But again, Wriden's alleges no facts to suggest that Ruelas's alleged adverse action, purportedly taken on March 29, 2023, over two years after Wriden filed the relevant grievance, was "because of" his protected conduct. *See Rhodes*, 408 F.3d at 567; *Huskey*, 204 F.3d at 899. Plaintiff also fails to plausibly allege that Ruelas's conduct chilled Plaintiff's constitutional rights or that it did not further a legitimate penological interest. *See Watison*, 668 F.3d at 1114.

And to the extent Wriden raises a due process claim, it fails for the same reasons discussed above; he has no standalone constitutional right to be free from false charges, *see Sprouse*, 870 F.2d at 452, or to any specific grievance procedures, *see Ramirez*, 334 F.3d at 860. He has also failed to allege facts showing he was deprived of a protected liberty interest. *See Sandin*, 515 U.S. at 486. Finally, Plaintiff's Eighth Amendment and equal protection claims are dismissed as wholly conclusory and speculative. *See Iqbal*, 556 U.S. at 678; *Farmer*, 511 U.S. at 834; *Hartmann*, 707 F.3d at 1123.

Therefore, Count 14 is dismissed for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### 15.    Count 15:    *Martinez, Rivera and Verno*

In Count 15, Wriden again alleges retaliation, due process and equal protection claims, all of which suffer from the same deficiencies discussed above. SAC at 46–47. Plaintiff alleges he filed a grievance against Martinez on July 15, 2023, and on August 17, 2023, Martinez filed a "false" RVR in retaliation. *Id.* at 46–47. On May 17, 2024, the RVR was withdrawn after one of Wriden's grievances was granted. *Id.* at 46. The RVR, however, was reissued on November 13, 2023, and Wriden was ultimately found guilty of the new RVR on July 11, 2024. *Id.* at 47. Plaintiff also states that Defendants Rivera and Verno failed to properly process his grievance and appeals about the matter. *Id.* at 46.

Wriden's retaliation claim against Martinez fails because he has not alleged facts to show a nexus between the protected conduct and adverse action. *See Rhodes*, 408 F.3d at 567; *Huskey*, 204 F.3d at 899. Plaintiff has also failed to allege a chilling of his

25

3:24-cv-1240-JLS-LR

constitutional rights or that the action did not further a legitimate penological interest. *See Watison*, 668 F.3d at 1114.

Plaintiff's due process claims as to Rivera and Verno also fail because he has not alleged he was deprived of a protected liberty interest. *See Sandin*, 515 U.S. at 486. And he cannot state a claim based on dissatisfaction with the grievance process, *see Ramirez*, 334 F.3d at 860, or the issuance of false RVRs, *see Sprouse*, 870 F.2d at 452. Writden's equal protection claim is dismissed as wholly conclusory. *See Hartmann*, 707 F.3d at 1123.

Count 15 is therefore dismissed in its entirety for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### 16.   Count 16:   Lopez

In Count 16, Writden alleges Defendant Lopez retaliated against him and violated his due process rights. SAC at 50. He states that he filed a grievance against Lopez on October 27, 2023, and on November 3, 2023, Lopez retaliated by filing a "false" RVR against him. *Id.* at 50–51. On December 8, 2023, Writden was found guilty of the RVR despite "no supporting evidence." *Id.* at 51.

Writden fails to state a retaliation or due process claim for the same reasons discussed above. Plaintiff not alleged Lopez had knowledge of the grievance or otherwise shown a nexus between the protected conduct and adverse action, and therefore, has not stated a retaliation claim. *See Rhodes*, 408 F.3d at 567; *Huskey*, 204 F.3d at 899. And his due process claim fails because he has no right to be free from false charges, no right to a particular grievance process, and has alleged no deprivation of a protected liberty interest. *See Sprouse*, 870 F.2d at 452; *Ramirez*, 334 F.3d at 860; *Sandin*, 515 U.S. at 486. Therefore, the Court dismisses Count 16 for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### 17.   Count 17:   Price, Rivera, Pinela and Verduco

In Count 17, Writden alleges Defendants Price, Rivera, Pinela, and Verduco violated his right to due process and equal protection. SAC at 52. He also states that on March 15, 2023, he filed a grievance against Price and, on May 17, 2023, Price "conspired" with

3:24-cv-1240-JLS-LR

Rivera, Pinela, and Verduco to retaliate against him by issuing a false RVR. *Id.* at 53. Price also retaliated against Wriden again on December 9, 2023, when he found Wriden guilty of the "false" RVR. *Id.* at 54. Wriden filed a series of grievances about the matter, and they were all denied. *Id.* at 55.

Again, Wriden has no right to be free from false charges, no right to a particular grievance process and has failed to show he was deprived of a protected liberty interest. Therefore, he has not stated a due process claim. *See Sprouse*, 870 F.2d at 452; *Ramirez*, 334 F.3d at 860; *Sandin*, 515 U.S. at 486.

Wriden also again fails to state an equal protection claim because he alleges no facts showing any Defendant intentionally discriminated against him based on his membership in a protected class or treated him differently from similarly situated prisoners. *See Iqbal*, 556 U.S. at 686–87; *Reeb*, 636 F.3d at 1229 n.4.

Lastly, Wriden's retaliation claim against Price fails because he does not allege Price had knowledge of his grievance and provides no facts showing the required nexus. *See Rhodes*, 408 F.3d at 567. And because he has not stated a retaliation claim, his related conspiracy claim also fails. *See Avalos*, 596 F.3d at 592 (noting that a failure to state a colorable underlying constitutional violation is fatal to a conspiracy claim based on the same allegations).

The Court dismisses Count 17 for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### 18.    Count 18:   "All Defendants"

In Count 18, Wriden states he filed a grievance against "all the above-named defendants" on November 30, 2023, which was denied along with subsequent appeals. SAC at 59. While Plaintiff references due process, equal protection and the Eighth Amendment, he alleges no specific facts to support such claims and identifies no specific conduct by any individual defendant as a basis for any claim. *Taylor*, 880 F.2d at 1045 ("Liability under section 1983 arises only upon a showing of personal participation by the defendant."). The Court finds Wriden's allegations wholly conclusory and therefore

3:24-cv-1240-JLS-LR

dismisses Count 18 in its entirety for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### 19. Count 19: Arias, Verno, and Valdez

Wriden alleges in Count 19 that Defendants Arias, Verno, and Valdez violated his right to due process and equal protection by denying his request for an "updated . . . printed version of the California Code of Regulations. . . Title 15 from July or 2022 to 2025." SAC at 61–62. The equal protection claim is dismissed as wholly conclusory because Plaintiff again fails to allege membership in a protected class or that he was treated differently the similarly situated inmates. *See Iqbal*, 556 U.S. at 686–87; *Reeb*, 636 F.3d at 1229 n.4.

Wriden's due process claim is similarly conclusory. There is no due process right to printed copies of legal reference materials, such as the California Code of Regulations. And even if the Court were to construe this claim as one of access to courts, Wriden has failed to allege any actual injury caused by the purportedly inadequate access to legal research materials. *See Lewis v. Casey*, 518 U.S. 343, 349–51, 353 n. 3, 354–55, (1996) (prisoner must demonstrate that the alleged shortcomings in the prison's library or legal assistance program resulted in actual injury and hindered his efforts to pursue a non-frivolous legal claim challenging his sentence or conditions of confinement). Therefore, the Court dismisses Count 19 for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### 20. Count 20: "All Defendants"

In Count 20, Wriden references violations of due process, equal protection and the Eighth Amendment by all Defendants. SAC at 63. He lists a series of "self-help achievement(s)" he made over his years in prison, from 2014 to 2020, including participation in narcotics anonymous, a youth offender mentoring program, a program for gang members, and an alternative to violence program. *Id.* at 63–64. He also earned a high school equivalency diploma, took college courses, and he was assigned a job in the prison kitchen. *Id.* at 64–65. He states that after he filed a grievance on November 20, 2021, he faced "reprisal attacks" by all Defendants. *Id.* at 65.

Wriden has not stated a claim because he has not alleged any personal acts or omissions by any individual Defendant that have a direct causal connection to the constitutional violations at issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor*, 880 F.2d at 1045 ("Liability under section 1983 arises only upon a showing of personal participation by the defendant."). The Court dismisses Count 20 for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### 21. *Count 21: Arias, Verno and Valdez*

Finally, in Count 21, Wriden alleges Arias, Verno, and Valdez violated his right under the Eighth Amendment, Due Process Clause and Equal Protection Clause. SAC at 67. He states Arias, Verno, and Valdez "knowing and purposefully appointed those involved in [his] staff misconduct complaints to knowingly and intentionally conduct inadequate investigations to conceal and cover up material facts related [his] misconduct complaints] since January 25, 2022." SAC at 68. This claim fails to allege any specific conduct by Arias, Verno, or Valdez and wholly conclusory. The Court dismisses Count 21 for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1); *Iqbal*, 556 U.S. at 678.

### 22. *Summary*

Based on the above, the Court dismisses Plaintiff's SAC in its entirety for failure to state a claim against any Defendant. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1)

## D. No Leave to Amend

The Court has given Plaintiff two opportunities to amend his pleadings after notifying him of their prior deficiencies and warned Plaintiff this would be his final opportunity to amend. *See* ECF No. 8 at 15. Because it is now clear Plaintiff is unable cure these pleading deficiencies, the SAC is dismissed **WITHOUT LEAVE TO AMEND**. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012));

3:24-cv-1240-JLS-LR

*United States ex rel. Insoon Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) ("Futility of amendment can, by itself, justify the denial of . . . leave to amend.").

**CONCLUSION**

For the above reasons, the Court **DISMISSES** Plaintiff's Second Amended Complaint (ECF No. 9) **WITHOUT LEAVE TO AMEND** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1). The Clerk of Court **SHALL** enter final judgment accordingly and close the case file.

**IT IS SO ORDERED.**

Dated: February 5, 2026

Hon. Janis L. Sammartino
United States District Judge

3:24-cv-1240-JLS-LR